**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CATHERINE KIM,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>COACH, INC.; JOHN DOES, 1-5; DOE CORPORATIONS, 1-5; DOE LLCS, 1-5; DOE PARTNERSHIPS, 1-5; DOE GOVERNMENTAL AGENCIES, 1-5,<br><br>Defendants-Appellees. | No. 14-16248<br><br>D.C. No.<br>1:13-cv-00285-DKW-RLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted June 14, 2017[**]
Honolulu, Hawaii

Before: FISHER, PAEZ and NGUYEN, Circuit Judges.

Catherine Kim appeals the judgment in favor of Coach, Inc. on her sexual

harassment claims under Title VII and Hawaii law. We have jurisdiction under

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, we review de novo, *see Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003), and we affirm.

**1.** The district court properly granted summary judgment to Coach on Kim's claim under Title VII. Applying *Vance v. Ball State University*, 133 S. Ct. 2434 (2013), the court correctly concluded that Casey Dungca and Steven Kudo were not "supervisors," because neither of them had the authority "to take tangible employment actions against the victim, *i.e.*, to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 2443 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). The undisputed evidence shows that only Trisha Makiya, the general manager of the Ala Moana Store where Kim worked, had such authority.

Kim points out that Dungca or Kudo sometimes "g[a]ve [her] instructions about [her] work or g[a]ve [her] copies of company policies and talk[ed] to [her] about them." She also "need[ed] to follow their instructions." Under *Vance*, however, these facts do not give rise to supervisor status. It is not enough that an employee "have the ability to direct a co-worker's labor to some ill-defined degree." *Id.* Nor does Dungca's mere presence at Kim's performance plan

2

meeting create a triable issue that he exercised the authority to take tangible employment actions.

This is not a case, moreover, in which Coach "attempt[ed] to insulate [itself] from liability for workplace harassment by empowering only a handful of individuals to take tangible employment actions." *Id.* at 2452. Coach placed the authority to take tangible employment actions in Makiya, who worked directly with Kim and was able to evaluate her work performance without delegating that responsibility to others.

**2.** The district court properly granted summary judgment to Coach on Kim's sexual harassment claim under Hawaii law, Haw. Rev. Stat. § 378-2. Kim waived her argument that the *Vance* standard does not apply under Hawaii law by raising the argument for the first time on appeal. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). In the district court, Kim consistently argued *Vance* applied to her claims without distinguishing between her claims under federal and state law. In any event, it is not clear Hawaii would decline to follow *Vance*, *see Lales v. Wholesale Motors Co.*, 328 P.3d 341, 356 (Haw. 2014) (explaining that Hawaii courts look to Title VII case law for guidance unless the "state's statutory provision differs in relevant detail" (quoting *Furukawa v. Honolulu Zoological Soc.*, 936 P.2d 643, 649 (Haw. 1997))), and it is not clear Dungca and Kudo would

3

qualify as supervisors even under the broader standard she says should apply, *see*
*Vance*, 133 S. Ct. at 2461 (Ginsburg, J., dissenting) (explaining that, even under
the broader standard, "an employee 'who directs only a limited number of tasks or
assignments' ordinarily would not qualify as a supervisor" (quoting EEOC
Guidance 405:7655)).

**3.** We need not address Kim's contention that the district court improperly
dismissed her retaliation claim with prejudice. First, the record does not establish
whether the court dismissed the claim with or without prejudice. Second, even if
the former, the error was harmless because Kim was able to raise the claim and
litigate it on the merits in a subsequent lawsuit.

**AFFIRMED.**